# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAWN MATLOCK, et al.,

    Plaintiffs,

v.

GREYHOUND LINES, INC., et al.,

    Defendants.

Case No. 2:04-CV-0051-KJD-GWF

**ORDER**

    On February 4, 2009, Defendants filed an Emergency Motion (#117) seeking to clarify Plaintiffs' claims for trial.  Plaintiffs filed a Response (#139) on February 20, 2009, to which Defendants filed a Reply (#145), on February 25, 2009.  Additionally, Plaintiffs filed a Motion to Dismiss the Claims of Jay Matlock (#142), and Motion to Amend/Correct Complaint (#143).  The Court held a hearing on the Motion on February 27, 2008.

    Plaintiffs seek to voluntarily dismiss the claims of Jay Matlock with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  Defendants oppose Plaintiffs' Motion, arguing that Jay Matlock is a material witness to their case, and that they will be prejudiced should the Court dismiss his claims, as he does not reside within the Court's subpoena power.  The Court recognizes the potential for prejudice should Jay Matlock not be made available for testimony.

1  Therefore, **IT IS HEREBY ORDERED** that Jay Matlock's claims are **DISMISSED** with
2  prejudice, upon the condition that Jay Matlock provide testimony, in the form of a deposition or
3  otherwise, to be scheduled by the parties forthwith.  Upon completion of said deposition, Jay
4  Matlock's Claims will be dismissed.

5  Plaintiffs also seek to amend their Complaint in order that the claims of Hailee Matlock be
6  dismissed with prejudice, and that the claims of Heather Matlock be dismissed without prejudice,
7  with the exception of such claims as are based upon medical treatment and expenses for which Dawn
8  Matlock is legally responsible.

9  Defendants aver that should the claims of Plaintiffs Heather and Hailee Matlock be
10 dismissed, Plaintiff Dawn Matlock does not have standing to bring any claims based upon the
11 medical treatment received by her daughters, and for which she is legally responsible.  The Court
12 disagrees.  Pursuant to N.R.S. 12.080, a parent or guardian may maintain an action for the injury of a
13 minor child, if said injury was caused by the wrongful act or neglect of another.  See also Hogle v.
14 Hall, 916 P.2d 814 , 819 (Nev. 1996) (recognizing parent has right to sue for expenses incurred on
15 behalf of minor child resulting from injury to child);  Doe v. Montessori School of Lake Forest, 678
16 N.E.2d 1082 (2d Dist. Ill. 1997) (noting universally recognized right that parents may maintain
17 action in their own right for injuries inflicted upon child).

18 Defendants aver that they will be prejudiced should the Court allow Plaintiff Heather
19 Matlock's claims to be dismissed without prejudice pursuant to N.R.S. 11.250 which tolls the statute
20 of limitations on personal injuries for infants and minors, as Defendants would face the potential that
21 Heather Matlock may bring a future claim.  The Court however, finds that dismissal of Plaintiffs'
22 claims as outlined above creates no prejudice to the Defendants, as the Defendants may recover fees
23 and costs from this action under Fed. R. Civ. P. 41(d) should Heather Matlock's claims be refiled at a
24 future date.

25 Therefore, **IT IS HEREBY ORDERED** that the claims of Hailee Matlock be **DISMISSED**
26 with prejudice.

**IT IS FURTHER ORDERED** that the claims of Heather Matlock are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Dawn Matlock may maintain her claims for her own expenses on behalf of her daughters Hailee and Heather Matock as a result of the bus accident at issue in this case.

DATED this 27th day of February 2009.

_____
Kent J. Dawson
United States District Judge

3